Would the clerk call the next case, please? 3-14-0040, Peterborough State of Illinois, Appellee, by Don Duffy, v. Thomas Wisdom, Appellant, by Demetri Goldfuss. Mr. Goldfuss, good afternoon. Good afternoon, Justice McVeigh. Good afternoon, Your Honors. Having already said good morning to you. He's already gone through that one. May it please the Court, Demetri Goldfuss, Assistant Appellate Defender, on behalf of Thomas Wisdom, we defend the Appellant. Your Honors, Mr. Wisdom was convicted of burglary for knowingly entering a railroad card with the intent to commit theft. In the middle of this trial, Mr. Wisdom left during a recess, and he did not return. He left all of his items at counsel's table, and he did not tell anyone where he was going. The trial judge decided to continue the trial in Mr. Wisdom's absence, and he was ultimately convicted in absentia. Several weeks after the conviction, Mr. Wisdom was arrested, and he was returned to court. He filed a motion for a new trial, and he requested an evidentiary hearing under section 115-4.1e of the Code of Criminal Procedure, so that he can demonstrate that his absence from trial was without his fault and due to circumstances beyond his control. The Court denied the motion without affording him an evidentiary hearing. We've raised two issues on appeal. First, we argue that the trial court erred by denying his motion for a new trial without affording him an evidentiary hearing. And second, we request a remand for proper imposition of fines and fees. Although both these issues merit the Court's attention, I'll be focusing my argument today on the first issue regarding Mr. Wisdom's entitlement to a new trial, or excuse me, an evidentiary hearing. Section 115-4.1e of the Code of Criminal Procedure provides that where a defendant has been convicted in absentia, he is entitled to a new trial if he can demonstrate that his absence from trial was both without his fault and due to circumstances beyond his control. That statute also provides for a hearing. It states, quote, a hearing on the defendant's request for a new trial must be held before any such request may be granted. At any such hearing, both the defendant and his state may present evidence. Now, the First District in Cobian and the Second District in Brown have both said that when a defendant moves for a new trial under this section, a hearing is warranted, and that's because the statute's use of the word must is mandatory. The hearing also must be evidentiary in nature. It does not satisfy the statute just to allow the defendant an opportunity to say why he was absent from the proceedings. He must be allowed to present evidence. It also does not satisfy the statute for the judge to give a defendant an opportunity to explain why he was absent and then say, okay, if you were to prove that explanation at an evidentiary hearing, I would still deny your request, so I'm not going to give you an evidentiary hearing. We know that's not appropriate under the Cobian decision. Mr. Golthus, my understanding of what happened was that the trial court said, I'm going to schedule the motion hearing the same time or prior to the sentencing, and that the parties will be allowed to present evidence. Now, if I'm right, and that's what he said, and I think he did, are you arguing that it needs to actually be noticed as an evidentiary hearing, that what the trial court did was not sufficient? I do not recall him saying that he was giving Mr. Wisdom an opportunity to present evidence. I don't know if he was saying that they could present evidence for purposes of the sentencing. I don't recall that in the record. But I do know that Mr. Wisdom did tell the court that he had witnesses, and he had affidavits, and he never presented those. The court never asked him. Okay, now I'm saying that when the court was setting it for hearing, that that was what was said, if I can remember. In a written order. I apologize for asking a question, but I don't recall that happening. All right, I'm sorry. Go ahead with your argument, and I'll see if I can find it. In this case, it's our belief that after Mr. Wisdom was convicted in absentia, when you move for a new trial evidentiary hearing, he was not afforded an evidentiary hearing, and that violated the statute. But I would note that the state in its brief incorrectly reframes the issue. They're arguing as if Mr. Wisdom was afforded an evidentiary hearing, and as if we're arguing that the trial court's decision to deny the motion for a new trial was an abuse of discretion. Just to be clear, we are not arguing at this time that Mr. Wisdom is entitled to a new trial. We're not arguing with the trial court error by going forward with the trial in Mr. Wisdom's absence. We're simply arguing that he's entitled to an evidentiary hearing, which is the vehicle necessary for him to establish his entitlement to a new trial. What we're asking this court is to review the charge of his compliance with statutory procedure, not to review a discretionary decision. And with that said, unless you're honest with any further questions, we respectfully ask that you vacate the trial court's order denying the motion for a new trial and to order an evidentiary hearing. As usual, I have a question, and it's on financing court costs. Of course. There's a very odd assessment of $210.50 for state's attorney's service. Correct. What is that? I have no idea. I direct your attention to some language that the Fourth District has used. In a recent case, it's people versus Warren. And they say fines are a component of the sentence, and we require the help of the parties to fulfill our duties, in that case the appellate court's duties. To resolve these issues on review and just tossing it out there as, you know, it's there and we don't know what it's for, doesn't really help us decide whether it's a correct or incorrect assessment. We don't have access to investigators. We can't call the state's attorney or the public defender and ask what the practice is in their county and why this was imposed. So I just direct your attention to the decision in Warren, and I hope maybe in the future the statement of facts. Warren also says, you know, these fines and fees that you're challenging need to be spelled out in the statement of facts with references to the record, and that would assist us because I don't know how to resolve this issue. You don't tell me what you think it was for, and Ms. Duffy doesn't address it at all. Well, Justice Wright, I believe our position was that there's no authority. At all. At all for that, and unless the state can point to some authority for that to explain to all of us where this is coming from. Okay. I appreciate that. It's a void assessment, and as you correctly recognize the state hasn't even addressed that. Well, we can't tell from the statement of facts who imposed it, whether it was in a court order, whether it's just in this tally sheet that you attach. It is in the tally sheet. Okay. Thank you. Any further questions? Thank you. Thank you. Ms. Duffy, good afternoon. Did you have your honors? I would note that during the trial below, when the defendant absented himself, there was no explanation about where he went. This is a case where the jury trial had started. They had taken testimony from, I think, two or three witnesses and then had a recess, and he took off. He showed up over two months later. He was under arrest and in custody. The statute says that if a trial has previously commenced in the presence of the defendant and he willfully absents himself for two successive court days, the court shall proceed to trial. Now, the case law says that that two-day period, if a trial judge doesn't wait for two days, that it's harmless error if, in fact, the defendant does what this defendant did, doesn't show up for an extensive period of time. That case is cited in our brief. After the defendant was arrested, he filed some sort of a motion. He's represented by counsel. So the motion he filed cannot be heard by the trial judge. But the judge asked him, where were you? So he gives this explanation about how somebody told him his wife was in danger and he had to go home because he wasn't going to let somebody pump up my old lady. I don't know exactly what that means. At any rate, it was clear that he voluntarily left the courthouse. The trial judge had to decide whether or not that was a credible statement. I believe he did and found it not credible. But at any rate, on that date when the defendant expressed that, the trial judge said, you know what, I'm going to continue this for a hearing on post-trial motions and sentencing. Now, the defense counsel filed a motion alleging that the defendant was entitled to a new trial because the trial judge did not allow the two successive days before resuming the jury trial. They had a hearing on that and the trial judge said, but you haven't surfaced for weeks and weeks. So if I had adjourned for two days, what would have happened? The counsel says, well, that's correct. He didn't return within those two days. We submit that that is harmless error if you want to look at the two successive court days, which the trial judge should arguably wait before resuming trial. He had a jury there. He had witnesses there. In his discretion, he decided to resume. Now, the defendant comes in here and is arguing for a hearing on this idea that he was erroneously tried in absentia. He had his hearing on that issue. Neither the statute nor the case law requires under these circumstances where you have a partial trial in absentia where the defendant was there and leaves, there is nothing that requires a formal evidentiary hearing. If he wanted to present witnesses, his attorney could have done that. It was the attorney who decided how to proceed with this hearing on the issue of trial in absentia. And the trial judge took whatever argument he made and decided that the defendant was not entitled to a new trial, which is what he asked for. He asked for a new trial based upon the fact that he was tried in absentia. Now, I'm not reframing the issue. That's what the issue was. If there's any other issue floating around the room, it's because defense counsel himself has reframed it. And that's what's in our brief. I don't have much else to add unless you have any questions. I have questions on the fines and fees. Appellate defense counsel questions the way the surcharge was calculated, and you do not address that in your brief. Would you speak to that issue of why there's an odd set amount on the surcharge? I don't know why there's an odd set amount on the surcharge. The record didn't tell us that. My basic argument on the fines and fees is that if there are fees imposed by the circuit clerk and the clerk has authority to impose fees, not fines but fees, that those are not void and should not be vacated. That's the only argument we have to make. As far as the fines are concerned, I don't think there's any way to know when they do it the way they have done and just have a clerk's pay sheet showing the fines. So do you think the surcharge of $31.85 is a fine or a fee? I believe a surcharge, if I'm not mistaken, has been determined to be a fine. And the $210.50 for state's attorney's service, what is that for? The state's attorney's, I don't know why they call it state's attorney's service, but the state's attorney's office gets a fee, and I believe that is a fee, not a fine, a statutory fee for every felony count that is charged and tried. So how many counts were tried in this case? Two. Well, there were two cases. This is a consolidated case. So you think that $210.00 is the state's attorney's fees? I think so. I didn't see state's attorney's fees anywhere else on that pay sheet. And in your brief, you say that the sheriff's fees of $840.00 may be associated with extradition. How are we to resolve that issue in your favor when your argument is maybe it is, maybe it isn't? Well, the record will have, I don't know that if I said extradition, transportation perhaps, transportation to and from the jails, and also- You have sheriff's processing fee of $840.00 may be the total for serving warrants, service of process, transportation costs, et cetera, which are allowed. But how are we to resolve that issue in your favor when you don't know what it's for? Well, the only thing I know is that there are subpoenas in there and that these fees and fines were assessed. I have no way of knowing beyond what is in the record anymore than you do. Well, if you're uncertain, then why not just concede the error? Because I don't know that it is error. All right, I appreciate that position. Any other questions? Thank you. Thank you, Ms. Duffy. Mr. Wolfe, any rebuttal? I'll start again by noting that the issue again is, is Mr. Wisdom touted evidence you're hearing? It most certainly was raised below. Mr. Wisdom in bold letters in one of his motions wrote, and I quote, I request a hearing so I can establish that it is not my fault I'm fitter to return back to court, and if beyond my control to do so, I also ask for a new trial. Under the case law, when you ask for a new trial under Section 115-4.1e, the trial court must hold an evidentiary hearing. It's automatic. Now, trial counsel adopted Mr. Wisdom's pro se motions regarding in absentia, all of his arguments. So that issue is most definitely for the trial court. Now, to get back to your question about what the trial court noticed up for a hearing, the trial judge, after sentencing, told the parties that he had not read Mr. Wisdom's pro se motions. So if he hadn't read Mr. Wisdom's pro se motion requesting an evidentiary hearing, how could he have known that he was requesting an evidentiary hearing? How could he have put it on notice, I'm scheduling an evidentiary hearing, so Mr. Wisdom could demonstrate his entitlement to that? That wasn't what my understanding was. My understanding was that he noticed it for a hearing on the motions, but he said at that motion hearing that the parties could present evidence. Well, it was a joint motion for post-trial motions and sentencing, so I think it's ambiguous as to what evidence the judge was referring to. And that's what I was asking you, is that sufficient to establish that there's an evidentiary hearing that's been set? I don't believe so. And then just briefly with respect to the state's argument regarding the arguing any error with respect to the two-day requirement, I'm well aware of a case law stating that if the defendant is absent for more than two days, that error could be deemed harmless. That's not our argument. We're not saying that the trial judge erred by proceeding in Mr. Wisdom's absence or just requesting an evidentiary hearing. Unless Your Honor has any further questions, that's all I have for you. Thank you. Thank you. Okay, folks, I'll leave you to your arguments this afternoon. We'll take the matter under advisement and we'll issue a written decision as quickly as possible. The court will now stand in brief recess for a panel change.